IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT CHRISTOPHER HOWARD, | : | |
| Plaintiff, | : | |
| v. | : | CA 15-00403-WS-C |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is recommended that the Court dismiss this action based upon the Plaintiff's failure to prosecute this action and comply with the Court's order (the "Order") (Doc. 9) entered on December 28, 2015.

On August 10, 2015, the Plaintiff, acting *pro se*, filed a complaint (Doc. 1) and a motion to proceed without prepayment of fees and costs (Doc. 2). At the Court's direction, the Plaintiff filed an amended motion to proceed without prepayment of fees (the "Amended IFP Motion") (Doc. 7) on December 22, 2015. (*See* Doc. 3 (order directing the Plaintiff to amend his initial motion)). On December 28, 2015, this Court entered the Order denying the Amended IFP Motion and directing the Plaintiff to pay his $400.00 filing fee no later than January 25, 2016. (*See* Doc. 9 at 3-4). In the Order, the Court specifically stated, "[i]f the Plaintiff should fail to pay the filing fee within the time allowed by the Court, the undersigned will recommend that the complaint be dismissed for failure to prosecute." (*Id.* at 4).

The Plaintiff has failed to comply with the Court's Order.  (*See* Docket Sheet.)  To date, the Plaintiff has not paid the filing fee or filed a motion requesting additional time to pay the fee.  (*See id.*).

An action may be dismissed if a plaintiff fails to prosecute the action or they fail to comply with any court order.  FED. R. CIV. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (quoting another source) ("A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.").

As a result of the Plaintiff's failure to comply with this Court's December 28, 2015 Order, it is **RECOMMENDED** that the Court **DISMISS** this case **WITHOUT PREJUDICE** pursuant to FED. R. CIV. P. 41(b) due to the Plaintiff's failure to prosecute this action and obey this Court's lawful orders.  If the Plaintiff wants to comply with the Court's December 28, 2015 Order, the Plaintiff may pay the filing fee along with filing a written objection as detailed below.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the Plaintiff.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 3rd day of February 2016.

                                        s/WILLIAM E. CASSADY
                                        **UNITED STATES MAGISTRATE JUDGE**